UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTTSDALE INSURANCE COMPANY,
as subrogee of Waller Enterprises, LLC,

    Plaintiff,

v.    CASE NO: 8:08-cv-1678-T-26TGW

BROAN-NUTONE, LLC,

    Defendant.
    _____/

**O R D E R**

Defendant has filed a motion to exclude the expert reports and opinions of Plaintiff's experts, as well as a motion requesting summary judgment in the event the Court does exclude those expert reports and opinions. Defendant contends that the reports do not comply with the requirements of Rule 702 of the Federal Rules of Evidence as elucidated by the opinion in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). After careful consideration of Defendant's submissions, which the Court notes does not contain the depositions of any of the experts whose reports are at issue, the Court is of the opinion that the motion is due to be denied without the need of a response from Plaintiff.

Although the Court recognizes the "gatekeeping" function imposed on the Court by Daubert and its progeny with regard to the admissibility of scientific or technical

expert testimony, the Court declines to exercise that function only within the context of expert reports. In Presley v. Lakewood Engineering and Manufacturing Co., 553 F.3d 638 (8th Cir. 2009), a case relied on by Defendant, the appellate court noted that the expert's testimony was excluded and summary judgment granted but only after a Daubert hearing at which the district court heard the oral testimony of the expert which was the subject of examination not only by the parties but also by the district court. So, too, in this case, the Court is of the opinion that Plaintiff's experts should be allowed to testify before the Court subject to examination by the parties and the Court before a decision is reached as to the admissibility of their expert testimony under Rule 702 and Daubert.

In light of that conclusion, Defendant's Motion to Exclude Expert Reports and Opinions (Dkt. 20) is denied without prejudice to being renewed at the appropriate juncture of the trial proceedings at which time the Court will conduct a Daubert hearing with regard to the admissibility of the proffered testimony of Plaintiff's expert witnesses. See Cook v. Sheriff of Monroe Cty., 402 F.3d 1092, 1113 (11th Cir. 2005) (recognizing that Daubert hearing is not required prior to trial); accord East Coast Brokers and Packers, Inc. v. Seminis Vegetable Seeds, Inc., 2008 WL 5093602 (M.D. Fla. 2008). Plaintiff shall address Defendant's arguments with respect to the admissibility of Plaintiff's expert testimony in Plaintiff's trial brief.

Defendant's Motion for Summary Judgment (Dkt. 20) is likewise denied without prejudice to being renewed at trial under Rule 50 of the Federal Rules of Civil Procedure

depending on the Court's ruling with regard to the admissibility of Plaintiff's expert testimony.

**DONE AND ORDERED** at Tampa, Florida, on September 9, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record